IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KERRY PICKARD, as the Executor of the Estate of John Cedar and Individually as the heir at law of John Cedar<br>8534 N. Overland Drive<br>Kansas City, Missouri 64154<br><br>and<br><br>SANDRA CEDAR, an incapacitated person, by and through her Next Friend, Kerry Pickard<br>8534 N. Overland Drive<br>Kansas City, Missouri 64154<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Serve: Office of Chief Counsel<br>U.S. Department of Veteran Affairs<br>Building 25, Room 308<br>1 Jefferson Barracks Drive<br>St. Louis, Mo 63125<br><br>Defendant. | Case No. : |

COMPLAINT
(*Allegations Common to All Counts*)

COME NOW Plaintiffs Kerry Pickard, as the Executor of the Estate of John Cedar and Individually as an heir at law of John Cedar, and Sandra Cedar, and incapacitated person, by and through her Next Friend, Kerry Pickard, as an heir at law of John Cedar, and for their allegations common to all counts of this Complaint against Defendant state and allege:

1. Decedent John Cedar was at all material times a resident of Leavenworth County, Kansas, residing at 1159 Randolph Rd., Leavenworth, Kansas 66048. At all material times, decedent John Cedar was a veteran of the United States Armed Forces and was treated at

1

pertinent times by Department of Veteran Affairs, Dwight D. Eisenhower VA Medical Center at 4101 4th St. Traffic way, Leavenworth, Kansas 66048. He is a party to this action by and through his natural daughter Kerry Pickard in her capacity as the Executor of the Estate of John Cedar in accordance with K.S.A. § 60-1801.

2. At all material times, Plaintiff Kerry Pickard is and was the surviving natural daughter of decedent John Cedar and an heir at law of the deceased. Kerry Pickard resides at 8534 N. Overland Drive, Kansas City, Missouri 64154. Plaintiff Kerry Pickard is a proper party to bring this suit for the wrongful death of decedent John Cedar pursuant to K.S.A. §§ 1901-1905.

3. At all material times, Plaintiff Sandra Cedar is and was the surviving spouse of decedent John Cedar and an heir at law of the deceased. Sandra Cedar resides at 8534 N. Overland Drive, Kansas City, Missouri 64154. Plaintiff Sandra Cedar suffers from Alzheimer's disease and is considered an incapacitated person under K.S.A. § 60-217 and FRCP 17(c)(2). Therefore, Plaintiff Sandra Cedar pursues this present action by and through her natural daughter and Next Friend, Kerry Pickard. Plaintiff Sandra Cedar is a proper party to bring this suit for the wrongful death of decedent John Cedar pursuant to K.S.A. §§ 1901-1905.

4. Defendant United States of America is a government entity, which has facilities throughout the United States, and in particular, the Department of Veteran Affairs, Dwight D. Eisenhower VA Medical Center at 4101 4th St. Trafficway, Leavenworth, Kansas 66048. (hereinafter referred to as "Defendant USA").

5. This Court has jurisdiction over this matter pursuant to Title 28, U.S.C. § 2671, et seq., the Federal Tort Claims Act, and pursuant to Title 28, U.S.C. § 1346. This case arises in the State of Kansas, more specifically the District of Kansas. Venue lies in this Court as the

negligent acts complained of occurred in Leavenworth County, Kansas pursuant to 28 U.S.C. § 1391.

6. Plaintiffs timely filed an administrative claim "Form 95" for personal injury and wrongful death with the Department of Veterans Affairs. Such claim was received by the Department of Veteran Affairs on April 6, 2018. The Department of Veteran Affairs denied Plaintiffs claims through a letter to Plaintiffs' counsel, dated July 2, 2018.

7. At all material times, the health care providers and/or personnel who attended decedent John Cedar on his admissions and health care treatment at Dwight D. Eisenhower VA Medical Center on January 18, 2017, as well as prior and subsequent to such date, directly and indirectly were employed as agents, servants and employees of Defendant USA. In doing and omitting to do all the things alleged herein, Defendant's agents, servants, and employees were acting within the scope and course of their employment as health care providers and/or personnel for Defendant USA, and decedent John Cedar was monitored and treated by Defendant health care provider's agents, servants, and employees.

## FACTUAL ALLEGATIONS

8. Decedent John Cedar, an 84-year old man, suffered a fall at home on January 18, 2017. Leavenworth EMS was notified and arrived to find Mr. Cedar bleeding from hematomas located on the back of his head. Leavenworth EMS noted decedent John Cedar to be alert, oriented and able to communicate. He was taken to Dwight D. Eisenhower VA Medical Center ("VAMC") for further evaluation.

9. Mr. Cedar arrived at the VAMC Emergency Department at 6:51 p.m. and was assessed by a nurse. Mr. Cedar complained of 6/10 throbbing pain in his head that could not be relieved.

3

10. At 7:08 p.m. Mr. Cedar underwent a CT which showed an acute left subdural hematoma that measured up to 14 mm in thickness and a 7 mm left right midline shift. This critical abnormality of the left subdural hematoma was communicated to Dr. Amani at 7:49 p.m.

11. VAMC staff determined shortly thereafter that the VAMC not provide the necessary neurosurgery for Mr. Cedar's injury and that Mr. Cedar would require transfer to KU Medical Center.

12. While Mr. Cedar remained at the VAMC Emergency Department, a shift change occurred and Dr. Thomas assumed care of Mr. Cedar at approximately 8:15 p.m. During Dr. Thomas' initial evaluation, Mr. Cedar was alert and oriented, responsive, and his neurological exam was noted by Dr. Thomas to be normal. However, Mr. Cedar continued to complain of a headache for which he received Tylenol.

13. At approximately 9:30 p.m. Mr. Cedar's blood pressure became elevated and he was given Metoprolol. However, his blood pressure continued to rise and he was given Diltiazem.

14. Mr. Cedar's blood pressure remained elevated and he became less responsive. Still, no transfer occurred.

15. At 11:43 p.m., nearly 5 hours after his arrival to the VAMC Emergency Department, EMS was dispatched to transfer Mr. Cedar to KU Medical Center.

16. At this time, Mr. Cedar was unresponsive, but was not transferred emergently, and EMS was not requested to use lights and sirens for transport.

17. Mr. Cedar arrived at KU at approximately 12:30 a.m. and was promptly taken for a repeat CT scan. This CT scan showed the acute left subdermal hematoma now measuring 27 mm in thickness and the left right midline shift now measuring 22mm.

4

18. Mr. Cedar was noted to be unresponsive with extensor posturing. He was taken to emergent decompressive surgery at approximately 2:15 a.m. in an effort to evacuate the hematoma.

19. Mr. Cedar could not recover and was discharged to hospice where he died on January 26, 2017.

## COUNT I
### (*Wrongful Death*)

COME NOW Plaintiffs and for Count I of this Complaint against Defendant USA, pursuant to K.S.A. § 60-1901, state and allege:

21. Plaintiffs hereby incorporate by reference each of the preceding paragraphs as though fully set forth herein.

22. Defendant USA, operating through its agents, servants or employees had a duty to decedent John Cedar to provide medical care in accordance with the accepted standards of care for physicians and hospitals providing medical care, including the proper and timely diagnosis and treatment of medical conditions and disease processes; Defendant USA further had a duty, by and through its agents, servants and employees to provide proper medical care to its patients at the VAMC and, in particular to the decedent John Cedar.

23. Defendant USA, through its agents, servants and employees, breached said duties by negligently failing to measure up to the standards of due care required by members of Defendant USA's profession in the following particulars, to wit:

   a. In negligently failing to appreciate and account for the severity of decedent John Cedar's head injury;

   b. In negligently failing to appreciate and account for the significant findings of decedent John Cedar's CT scan taken at the VAMC Emergency Department;

5

  c. In negligently failing to timely and appropriately respond to significant findings of decedent John Cedar's CT scan taken at the VAMC Emergency Department;

  d. In negligently failing to immediately transfer decedent John Cedar to a facility capable of providing a higher level of care upon receipt of decedent John Cedar's CT scan results;

  e. In negligently delaying decedent John Cedar's transfer to a facility capable of providing a higher level of care for a significant amount of time;

  f. In failing to appropriately and timely treat decedent John Cedar's head injury;

  g. In failing to appropriately and timely treat and/or respond to symptoms of decedent John Cedar's head injury;

  h. In negligently failing to perform and measure up to the requisite standards of due care and skill required and observed by members of their profession in further particulars presently unknown to Plaintiffs which is verily believed and alleged will be disclosed upon proper discovery procedures in the course of litigation.

24. As a direct and proximate result of the negligence of Defendant decedent John Cedar was caused injury that resulted in his death.

25. As a direct and proximate result of the negligence of Defendant decedent John Cedar suffered and endured prior to his death a significant level of physical and mental pain and suffering.

26. As a direct and proximate result of the negligence of Defendant, Plaintiffs, as heirs at law of John Cedar, have suffered mental anguish, suffering, and bereavement; loss of society, companionship, comfort, and protection; loss of marital care, attention, advice and

counsel; loss of parental care, training, guidance, and education; and reasonable funeral expenses.

WHEREFORE, Plaintiffs pray for judgment against Defendant United States of America under Count I of this Complaint in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), and in a sum fair and reasonable and for such other relief as the court deems just and proper.

## COUNT II
*(Survival Action)*

COME NOW Plaintiffs, and for Count II of this Complaint against Defendant pursuant to K.S.A. § 60-1801, state and allege as follows:

29.     Plaintiffs hereby incorporate each of the preceding paragraphs as though fully set forth herein.

30.     As a direct and proximate cause of the negligence and carelessness of Defendant as set forth in Count I above, decedent John Cedar sustained pain, suffering, disability, mental anguish, loss of quality of life, and hospital, physician, medical, and other related expenses for care and treatment.

31.     Decedent John Cedar, the natural father of Plaintiff Kerry Pickard and husband of Plaintiff Sandra Cedar, by reason of the injuries and resultant damages sustained by him, was unable to perform his obligations and duties as the natural father of Plaintiff Kerry Pickard and husband of Plaintiff Sandra cedar. Thus, Plaintiff Lessie Hunter and Plaintiff Jesse Hunter were deprived of the society, comfort, companionship, love and affection of decedent John Cedar.

WHEREFORE, Plaintiffs pray for judgment against Defendant United States of America under Count II of this Complaint in an amount in excess of Seventy-five Thousand Dollars

($75,000.00), and in a sum fair and reasonable and for such other relief as the court deems just and proper.

## COUNT III
*(Lost Chance of Survival/Recovery)*

COME NOW Plaintiffs, and for Count III of this Complaint against Defendant states and alleges:

32. Plaintiffs hereby incorporate each of the preceding paragraphs as though fully set forth herein.

33. Count III of Plaintiffs' Petition for Damages is brought pursuant to the decision of the Kansas Supreme Court in Delaney v. Cade, 873 P.2d 175 (Kan. 1994).

34. At the time of the negligent acts and/or omissions alleged herein, decedent John Cedar was possessed with a cause or causes of action for personal injuries in the manner and circumstances alleged herein.

35. At the time of the negligent acts and/or omissions alleged herein, Decedent John Cedar suffered from an ailment and/or condition which carried with it a substantial chance of survival and/or recovery if appropriately treated.

36. Defendant acted negligently in treating decedent John Cedar's medical condition.

37. The negligence of Defendant, as set forth in Count I above, directly and proximately caused and directly and proximately contributed to cause decedent John Cedar's chance of survival and/or recovery to be substantially lost. The chance of survival and/or recovery lost was material and substantial.

WHEREFORE, Plaintiffs pray for judgment against Defendant United States of America under Count III of this Complaint in an amount in excess of Seventy-five Thousand Dollars

($75,000.00), and in a sum fair and reasonable and for such other relief as the court deems just and proper.

                              Respectfully submitted,

                              /s/ Leland F. Dempsey
Leland F. Dempsey   KS #22410
Dempsey & Kingsland, P.C.
1100 Main Street, Suite 1860
Kansas City, Missouri 64105
(816) 421-6868
(816) 421-2610 facsimile
ATTORNEYS FOR PLAINTIFFS